UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TYESHA JACKSON WISE,<br><br>   Plaintiff,<br><br>v.<br><br>LOANME, INC. et al.,<br><br>   Defendants. | Case No. 2:23-cv-00918-SB-JC<br><br><br>ORDER TO SHOW CAUSE RE:<br>SUBJECT MATTER<br>JURISDICTION |

Plaintiff Tyesha Jackson Wise alleges in her complaint that Defendants breached a contract with her by "fail[ing] to investigate and/or resolve a billing error and consumer request for information."  Dkt. No. 1 ¶ 9.  Only Defendant Argent Holdings, LLC (Argent) has appeared, and Plaintiff has since moved to dismiss Argent's answer and affirmative defenses and compel her own claims to arbitration.  Dkt. No. 17.  Argent opposes.  Dkt. No. 18.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  This Court has a duty to assess whether it has jurisdiction and may consider the issue sua sponte.  *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A federal district court has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).  Complete diversity means that each of the

plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Supplemental jurisdiction, by which a court assumes jurisdiction over a plaintiff's related state law claims, "is a doctrine of discretion, not of plaintiff's right," and district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks and citations omitted).

Plaintiff does not appear to allege diversity jurisdiction. *See* Dkt. No. 1 ¶¶ 2–3 (alleging that she and Defendant LoanMe, Inc. (LoanMe) are citizens of California). Instead, she alleges federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over her state law claims. However, Plaintiff fails to specify any federal claim. She asserts a single cause of action for breach of contract. *Id.* ¶¶ 12 ("Plaintiff hereby asserts a cause of action for breach of contract . . . .").

Accordingly, Plaintiff is ORDERED to show cause, in writing, by no later than March 27, 2023, why the Court has jurisdiction over this case. Should Defendants wish to file a response to this Order on the question of whether the Court has jurisdiction over Plaintiff's claims, they may do so by the same deadline. *Failure by Plaintiff to timely comply will result in remand.*

IT IS SO ORDERED.

Date: March 20, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge